IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHERRYL OLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 2:24-cv-275-ECM-SMD |
| | ) |
| ERIC MACKEY and JAMES WARD, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 7, 2024, pro se Plaintiff Cherryl Oliver ("Oliver") filed a complaint against Defendants Eric Mackey ("Mackey"), superintendent of the Alabama Department of Education ("ALSDE"), and James Ward ("Ward"), Associate General Counsel for the ALSDE,[1] alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Compl. (Doc. 1) p. 1. She amended her complaint one week later. Am. Compl. (Doc. 5). Oliver also moved to proceed *in forma pauperis*, and the undersigned granted her request. Mots. (Docs. 3, 8); Order (Doc. 9).

Pursuant to 28 U.S.C. § 1915(e),[2] the undersigned reviewed Oliver's amended complaint, found that it failed to meet federal pleading standards, and ordered her to amend. Order (Doc. 10). Oliver then filed a second amended complaint, which the undersigned

---

[1] Oliver did not allege Ward's specific employment relationship with the ALSDE in her complaint or in subsequent documents. However, in Ward's motion to dismiss, he identifies himself as Associate General Counsel for the ALSDE. Mot. (Doc. 24) p. 1.

[2] When a plaintiff files an application or motion to proceed *in forma pauperis*, the court must review the complaint under 28 U.S.C. § 1915. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).

construed as an attempt to state Title VII and due process claims. 2d Am. Compl. (Doc. 11), Rec. (Doc. 16). Because the second amended complaint once again failed to comply with federal pleading standards, the undersigned recommended that it be dismissed without further opportunity to amend. Rec. (Doc. 16) pp. 5-7. Additionally, the undersigned found that the second amended complaint should be dismissed because it failed to state a Title VII claim and because the due process claim was time barred. *Id*. at 5-10.

Oliver objected to the recommendation, Obj. (Doc. 17), asserting that it was factually flawed because Ward and Mackey wrongfully revoked her teaching certificate twice: the first time in 2020 and the second time in July 2022. Obj. (Doc. 17). The undersigned then withdrew the recommendation, noting that if Oliver was attempting to assert a due process claim on the second revocation, it would not necessarily be time barred. Rec. (Doc. 19) p. 3. After withdrawing the recommendation, the undersigned lifted the stay of service previously imposed. *Id*.

Ward and Mackey now move to dismiss the second amended complaint. Mot. (Doc. 24). In their motion, Ward and Mackey construe the second amended complaint as an attempt to state a Title VII claim, a Fourteenth Amendment equal protection claim, and various state-law claims. *Id*. at 2. They do not construe the second amended complaint to state a due process claim. *Id*. However, as explained below, the undersigned recommends that the second amended complaint be construed as an attempt to state Title VII, due process, and equal protection claims; that Ward and Mackey's motion to dismiss the Title VII and equal protection claims be granted; that Ward and Mackey's motion to dismiss any

state-law claims be denied as moot; and that Oliver's due process claim, as construed, remain pending.

## I. FACTUAL ALLEGATIONS[3]

Oliver is a 55-year-old, African American teacher who held teaching certificates in Alabama and Georgia. 2d Am. Compl. (Doc. 11) p. 2. In April 2020, Oliver began the process of renewing her Alabama teacher's certificate. *Id*. She completed her application packet and expected to receive her renewal certificate by the end of September 2020. *Id*. However, in December 2020, Oliver discovered that her teaching certificate had been revoked. *Id*. at 3. She speculates that the revocation occurred because Mackey retaliated against her for complaining about the ALSDE in a letter to Governor Kay Ivey. *Id*.

Oliver appealed the revocation to the Montgomery County Circuit Court on April 9, 2021. Defs.' Ex. 2 (Doc. 24-2) pp. 1-6. Because the state court found that resolution of the dispute turned on "disputed facts," it vacated the final decision revoking Oliver's teaching certificate and remanded the proceeding pursuant to Ala. Code § 41-22-20(k).[4] *Id*.

---

[3] The factual allegations in this section are derived from Oliver's second amended complaint along with documents attached to Ward and Mackey's motion to dismiss. The Court may consider certain documents attached to the motion to dismiss pursuant to the incorporation-by-reference doctrine or may take judicial notice of the adjudicative facts contained therein. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (holding that a court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed); *Grayson v. Warden, Comm'r, Ala. DOC*, 869 F.3d 1204, 1224-25 (11th Cir. 2017) (stating that a district court may take judicial notice of an adjudicative fact that is not subject to reasonable dispute and is either generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned).

[4] Alabama Code 41-22-20 sets forth the process for judicial review of an agency decision after all administrative remedies have been exhausted, which must be initiated within thirty days of receipt of the notice of the agency's final decision. Ala. Code § 41-22-20(a), (d). If there was not a hearing prior to agency

On September 22, 2021, an Administrative Law Judge ("ALJ") held a hearing pursuant to the state court's order. Defs.' Ex. 1 (Doc. 24-1) p. 2. Oliver did not participate in the hearing or submit any evidence.[5] *Id.* On October 14, 2021, the ALJ issued a recommendation to uphold Mackey's decision to revoke Oliver's teaching certificate. *Id.* at 12-13.

Oliver emailed Mackey on July 13, 2022, telling him to "remove a statement" from her teaching certificate. 2d Am. Compl. (Doc. 11) p. 5. Within the hour, Mackey "instantly and wrongfully put 'Revoked' Status" back on Oliver's teaching certificate. *Id*. Oliver emailed Mackey and told him he was a racist. *Id*.

Oliver filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 11, 2023, claiming that the ALSDE discriminated and retaliated against her because of her race, gender, and age. 2d Am. Compl. Ex. 1 (Doc. 11-1) p. 4. She was issued a right-to-sue letter on December 29, 2023, which indicated that the EEOC closed Oliver's charge because Oliver was "not in an employment relationship" with the ALSDE. *Id*. at 1. Oliver alleges she received the right-to-sue letter on January 31, 2024. 2d Am. Compl. (Doc. 11) p. 2.

On May 7, 2024, Oliver filed suit in this Court. Compl. (Doc. 1).

---

action and the reviewing court finds that the validity of the action depends upon disputed facts, the reviewing court shall order the agency to conduct a prompt fact-finding proceeding. § 41-22-20(e). The reviewing court may also reverse or modify the agency's decision and remand for further proceedings. § 41-22-20(k).

[5] Notably, the ALJ's decision states that Oliver failed to appear at the hearing "[a]fter being properly served with the date, time and hearing location." Defs.' Ex. 1 (Doc. 24-1) p. 2. It is not necessary for purposes of this recommendation to accept this statement as factually accurate. Therefore, the undersigned provides the statement for the purpose of context alone.

## II. CLAIMS

Although Oliver does not explicitly set forth any claims in the second amended complaint, she repeatedly alleges violations of Title VII. *See generally* 2d Am. Compl. (Doc. 11) (noting that Oliver references Title VII on each page of the second amended complaint). She also attaches her EEOC Charge of Discrimination wherein she alleges discrimination and retaliation based on race, age, and sex. 2d Am. Compl. Ex. 1 (Doc. 11-1) pp. 4-5. Based on these allegations and attachments, the undersigned construes Oliver's second amended complaint to bring Title VII discrimination and retaliation claims.

Additionally, the undersigned liberally construes the second amended complaint to assert a due process claim against Mackey and Ward for failing to follow state-law procedure for renewing her teaching certificate and for failing to provide her with notice prior to its revocation. *See* 2d Am. Compl. (Doc. 11) pp. 4, 5 (referencing several portions of Alabama code pertaining to renewing teaching certificates and setting forth allegations that Mackey and Ward did not provide her with notification before revoking her teaching certificate). Further, it appears that Oliver may be attempting to assert an equal protection claim based on her statement that "[t]he Equal Protection Clause of the Fourteenth Amendment of the Constitution protects teachers at public schools from discrimination based on race, religion, sex, national origin, age or disability." *Id*. at 6.

While the undersigned recommends that the second amended complaint be liberally construed to state the aforementioned claims, this Court should decline to construe any

5

state-law claims from Oliver's allegations. The second amended complaint references Ala. Code § 16-23-5, which provides the circumstances under which a superintendent may revoke a teaching certificate. 2d Am. Compl. (Doc. 11) p. 6 (citing repeatedly Ala. Code § 16-23-5). After referencing this statute, Oliver contends that Mackey has not proven that she was "guilty of immoral or unbecoming or indecent behavior." *Id*. However, any challenge to Mackey's determination under § 16-23-5 is subject to the administrative review process provided in Alabama Code § 41-22-20, which sets forth the process for judicial review of an agency decision after all administrative remedies have been exhausted. As such, § 16-23-5 does not create a private right of action and therefore cannot be construed, even liberally, as an attempt to assert a claim under state law.[6]

## III. JURISDICTION

Oliver's Title VII, due process, and equal protection claims present federal and constitutional questions and thus afford this Court with subject matter jurisdiction over the dispute. *See* 28 U.S.C. § 1331.

## IV. LEGAL STANDARDS

### A. Pro Se Litigants

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less

---

[6] Notably, the second amended complaint does not reference any other state law that Ward and Mackey allegedly violated. 2d Am. Compl. (Doc. 11).

6

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Despite this leniency, however, a pro se plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Importantly, a district court does not have license to rewrite a deficient pleading or serve as de facto counsel for a pro se litigant. *Alford v. Consol. Gov't of Columbus, Ga.*, 438 F. App'x 837, 839 (11th Cir. 2011).

### B. Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To determine whether a plaintiff has stated a claim, the court should first "eliminate any allegations in the complaint that are merely legal conclusions" and then determine whether the well-pleaded factual allegations of the complaint—assuming their veracity—"plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

## V. ANALYSIS

Ward and Mackey move to dismiss Oliver's Title VII claims as time barred. Mot. (Doc. 24) pp. 8-9. They also move to dismiss what they construe as equal protection and state-law claims because Ward and Mackey enjoy qualified and state-agent immunity and because her allegations are insufficient to state such claims. *Id*. at 10-15, 22-24. As explained below, Ward and Mackey's motion to dismiss the Title VII and equal protection claims should be granted and their motion to dismiss the state-law claims should be denied as moot, with Oliver's due process claim to remain pending.

### A. Ward and Mackey's Motion to Dismiss Oliver's Title VII Claims Should Be Granted Because the Claims Are Time Barred.

Prior to filing a Title VII claim in federal court, a plaintiff must exhaust her administrative remedies with the EEOC and receive a right-to-sue notice. *Brown v. John Deere Prod., Inc*., 460 F. App'x 908, 909 (11th Cir. 2002). The plaintiff must then file suit within 90 days after receipt of the notice. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002). Once a defendant contests the issue of whether the Title VII claim was timely filed, the plaintiff bears the burden of proving that she met the deadline for filing. *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005).

Here, Oliver filed a charge with the EEOC and received her right-to-sue notice on January 31, 2024. 2d Am. Compl. (Doc. 11) p. 2 ("Ms. Oliver filed a complaint with EEOC and received her Right-To-Sue Letter on January 31, 2024."). Oliver filed her complaint in

this Court on May 7, 2024,[7] *see* Compl. (Doc. 2), which is 97 days after she received the EEOC's right-to-sue letter. Because Oliver filed her complaint outside of the 90-day filing window, her Title VII claims are untimely and should be dismissed. Oliver does not dispute this conclusion. *See* Resp. (Doc. 30) (noting that Oliver does not argue that her Title VII claims are timely in response to Ward and Mackey's motion to dismiss).[8]

### B. Ward and Mackey's Motion to Dismiss Oliver's Equal Protection Claim Should Be Granted.

A "class of one" plaintiff asserting an equal protection claim must allege that she has been intentionally treated differently from other similarly-situated individuals and that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). This can be established through allegations showing that (1) the plaintiff was treated differently from other similarly-situated individuals, and (2) the

---

[7] Oliver alleges that she filed her complaint with this Court on April 30, 2024. 2d Am. Compl. (Doc. 11) p. 2. However, that date is when her pleading was postmarked. Compl. (Doc. 2) p. 3. A complaint is filed for statute of limitations purposes when it is "in the actual or constructive possession of the clerk." *Rodgers ex rel. Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986). Therefore, Oliver's allegation that she filed her complaint on a day falling within the 90-day statute of limitations does not alter the undersigned's conclusion regarding the timeliness of her Title VII claims. *See Tucker v. United States*, 724 F. App'x 754, 757 (11th Cir. 2018) ("Mailing alone is not enough.").

[8] Additionally, Oliver's Title VII claims should be dismissed because Ward, Mackey, and the ALSDE are not her employers. Title VII limits relief to employees against their employers. *Llampallas v. Mini-Circuits, Lab, Inc*., 163 F.3d 1236, 1242-43 (11th Cir. 1998). Oliver does not allege that she was employed by the ALSDE, Mackey, or Ward, and her EEOC right-to-sue letter indicates she was not. *See* 2d Am. Compl. Ex. 1 (Doc. 11-1) pp. 1, 3 (noting that "[t]he EEOC is closing this charge because you were not in an employment relationship with [the ALSDE]"). Further, Oliver does not oppose Ward and Mackey's argument that she was not in an employment relationship with them or the ALSDE. Resp. (Doc. 30). Absent an employment relationship, Oliver cannot bring Title VII claims against Mackey and Ward. Thus, Oliver's Title VII claims fail as a matter of law and should be dismissed. *See Alloway v. White*, 2010 WL 4025065, at *2 (M.D. Ala. Aug. 24, 2010) (recommendation that Title VII claims against the ALSDE and its individual employees be dismissed because the plaintiff, who was suing the defendants for their failure to renew her teaching certificate, was not in an employment relationship with the ALSDE).

9

defendant unequally applied a facially neutral ordinance for the purpose of discriminating against the plaintiff. *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1045 (11th Cir. 2008). A plaintiff is not permitted to simply rely on broad generalities in identifying a comparator. *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1307 (11th Cir. 2009).

Here, Oliver repeatedly alleges that Ward and Mackey are racist and biased towards her. 2d Am. Compl. (Doc. 11) p. 4, 5. However, she does not allege—even in conclusory fashion—that she was treated differently than any other similarly-situated comparator. As such, Oliver has not alleged sufficient facts to state an equal protection claim and Ward and Mackey's motion to dismiss the claim should be granted.[9]

### C. Ward and Mackey's Motion to Dismiss Oliver's State-Law Claims Should Be Denied as Moot.

As explained in the Claims section of this Recommendation, *see infra* II., Oliver's second amended complaint should not be construed as an attempt to assert any state-law claims. Should this Court agree, Ward and Mackey's motion to dismiss these claims should be denied as moot.[10]

---

[9] The undersigned notes that Oliver does not respond in opposition to Ward and Mackey's motion to dismiss the equal protection claim, indicating that she either is not intending to assert such a claim or that she does not oppose its dismissal. Resp. (Doc. 30).

[10] Should the Court disagree, Ward and Mackey's arguments for the application of qualified and state-agent immunity are persuasive, and Oliver has not opposed these arguments. *See* Resp. (Doc. 30). It is clear that Ward and Mackey acted within their discretionary authority when they revoked (or did not renew) Oliver's teaching certificate. *See* Mot. (Doc. 24) pp. 10-12. Therefore, it is Oliver's burden to show that state-agent immunity does not apply. *See Ex parte Estate of Reynolds*, 946 So. 2d 450, 452 (Ala. 2006). Because Oliver wholly fails to oppose Ward and Mackey's immunity arguments, the undersigned alternatively recommends that the Court dismiss any state-law claims because Ward and Mackey are entitled to state-agent immunity.

## V.     CONCLUSION

For these reasons, the undersigned Chief United States Magistrate Judge

RECOMMENDS that Ward and Mackey's Motion to Dismiss (Doc. 24) be GRANTED to the extent that it seeks to dismiss Oliver's Title VII and equal protection claims and that it be DENIED as MOOT to the extent it seeks to dismiss any state-law claims, as construed. The undersigned further

RECOMMENDS that Oliver's due process claim, as construed, remains pending. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before December 4, 2025**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 20th day of November, 2025.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE